USCA1 Opinion

 

 November 22, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1387 RAMON CRUZADO-CRESPO, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ _________________________ appellant. Guillermo Gil, United States Attorney, Maria Hortensia Rios, ______________ ______________________ Assistant United States Attorney, Donna E. Shalala, Secretary of __________________ Health and Human Services, and Nancy B. Salafia, Assistant Regional ________________ Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. This is an appeal from the judgment of __________ the district court affirming the decision of the Secretary of Health and Human Services that claimant, Ramon Cruzado- Crespo, is not entitled to Social Security disability benefits. Claimant presents one issue for review -- whether there is substantial evidence to support the calculation of the date his insured status expired. At claimant's hearing, the administrative law judge (ALJ) initially stated that claimant's insured status had expired on June 30, 1980. The record of claimant's earnings supports this position. See Transcript at 199. During the ___ course of the hearing, however, the ALJ decided to consider the medical evidence through March 31, 1981 despite the lack of sufficient proof of coverage. Claimant disagrees with the ALJ and asserts that the correct cut-off date is August 3, 1983. For this proposition, claimant does not refer to the record of his earnings. Rather, he relies on the notice of hearing he received concerning the second of four applications for disability benefits that he had filed. This application was filed on July 30, 1982. The notice sets a hearing date of August 3, 1983 and states: "You should be prepared to prove that you were under a disability on or before" followed by a blank space for a date. The space is filled in with the language "Date of hearing." See Trans. at ___ 145. Similar language appears on the notice sent to the vocational expert scheduled to testify at the hearing. See ___ Trans. at 143. Because he was to prove that he was disabled "on or before" August 3, 1983, claimant asserts that this must be the date he was last insured. Although claimant's reading of both notices is plainly plausible, the record as a whole does not support his position. First, we doubt that such an arguably erroneous reference to the insured-status period could enlarge this period as set by the official record of earnings. In any event, these notices, dated July 22, 1983, concern the second application filed by claimant. This application was not the one the Secretary considered and, thus, is not before us on review. As a result, claimant may not rely on these notices to support his position. Next, the notice of the hearing date concerning the current application, see Trans. at 375, states that claimant _______ ___ should be prepared to prove that he became disabled on or before June 30, 1980, the date reflected in the record of claimant's earnings. The fact that the ALJ chose to consider evidence through March 1981 was to claimant's benefit. Further, the current notice is dated December 4, 1991 -- over seven years after the notices upon which claimant rests his _____ case. Because there is nothing else in the record to back claimant's position, we conclude that the Secretary's decision is supported by substantial evidence. -3- The judgment of the district court therefore is affirmed. ________ -4-